UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Howard Rutland, III, # 09030325, <br> *aka William H Rutland, III,* <br><br> Plaintiff, <br><br> vs. <br><br> Officer Nathan Rollins, BCSO <br><br> Defendant. | ) C/A No.: 8:09-2165-SB-BHH <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff files this matter pursuant to 42 U.S.C. § 1983 challenging his pre-trial detention at the Berkeley County Detention Center (BCDC). Plaintiff was served with a bench warrant, however, he maintains he has already served time at the Dorchester County Detention Center for the charges listed on the warrant, and should, therefore, never have been arrested. Plaintiff names as the sole defendant his arresting officer. He seeks damages. Plaintiff's case must be dismissed for failure to state a claim upon which relief may be granted.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce*

*v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The complaint is subject to dismissal for failure to state a claim on which relief may be granted. To assert a claim under § 1983, the plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint essentially claims false arrest, which could be construed as a claim for unconstitutional deprivation of liberty under the Fourth Amendment's prohibition of unreasonable seizures. The complaint, however, indicates Plaintiff was arrested with a warrant. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178,

181-82 (4th Cir. 1996)(when arresting official makes the arrest with a facially valid warrant it is not false arrest). The complaint does not allege the arrest warrant was not facially valid, or allege any defects in the arrest warrant itself. It is not the duty of the arresting officer to assess guilt or innocence, but merely to serve the warrant.

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers – all of whom may be potential defendants in a § 1983 action – is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) (footnote omitted). An arresting officer is generally entitled to rely on a facially valid warrant in effecting an arrest. As a result, the complaint fails to state a claim under § 1983 for violation of the Fourth Amendment's guarantee of the "right of the people to be secure in their persons ... against unreasonable searches and seizures...and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing ... the persons or things to be seized." The plaintiff's § 1983 claim for false arrest should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint

in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams, supra*; *Haines v. Kerner, supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

                                                                                       s/Bruce Howe Hendricks
                                                                                       United States Magistrate Judge

September 3, 2009
Greenville, South Carolina

**<u>The plaintiff's attention is directed to the important notice on the next page.</u>**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).